U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 6 2018
CLERK, U.S. DISTRICT COURT
By_____
  Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KHUE NGUYEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-801-A |
| | § | |
| ESTATE OF THIN THI TA | § | |
| (HAI PHU NGUYEN AS HEIR AND | § | |
| ADMINISTRATOR, | § | |
| MAI TUYET NGUYEN AS HEIR, | § | |
| QUE DANG NGUYEN AS HEIR, | § | |
| ANH KIM NGUYEN AS HEIR), ET AL., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants Ngo Thi Ngoan, Hien The Ta, and Lai Xuan Ta ("movants") to dismiss for lack of jurisdiction and <u>forum non conveniens</u>. The court, having considered the motion, the response of plaintiff, Khue Nguyen, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

On September 27, 2018, plaintiff filed his complaint in this action. Doc.[1] 1. He alleges:

Defendants are heirs of Mr. Ta Van Viet ("Viet"). Doc. 1, Statement of Facts ("SF"), ¶ 2. In or around October 1982, Ms. Ha

---

[1] The "Doc.___" reference is to the number of the item on the docket in this action.

Thi Thu Thuy ("Thuy") and Viet formed a partnership known as "Snow White" in Vietnam to manufacture and sell embroidery-craft products in Ho Chi Minh City and for export. Id. ¶ 3. Viet contributed property at 141 Dong Khoi Street, District One, Ho Chi Minh City (the "property") and Thuy contributed working capital. Id. ¶ 4. Viet granted Thuy a permanent residency right in the property. Id. ¶ 7. Each partner had a 50% interest in the partnership. Id. ¶ 9. In 1985, Viet married defendant Ngo Thi Ngoan ("Ngoan"), his second wife. Id. ¶ 11. In June 1989, Viet died. Id. ¶ 12. Under Vietnam law, Viet's interest in the partnership vested immediately in his heirs represented by Ngoan as head of household. Id. ¶ 13. In or about July 1989, Thuy paid a large amount of gold to Viet's heirs to buy out the partnership interest. Id. ¶ 14. Thuy then owned 100% of the partnership. Id. ¶ 15. After 1989, Thuy single-handedly managed the Snow White business for more than twenty years. Id. ¶¶ 17-18. In or about November 2012, Thuy returned from a business trip to discover that Ngoan had wrongfully taken over the property, repainting the signage and evicting Snow White's employees. Id. ¶ 19. Ngoan called police to report that Thuy was trespassing and Thuy was evicted as a result. Id. ¶ 21. Thuy pursued the matter in Vietnam. Id. ¶ 23. All defendants executed notarized documents appointing Ngoan as their legal representative for proceedings in

2

Vietnam. Id. ¶ 24. From 2013 until 2018, Vietnam authority conducted as many as seven rounds of mediation, but defendants refused to give back possession of the property. Id. ¶ 25. Defendants' actions caused Thuy extreme hardship and financial disability and she sold her interest in the property, along with her claims against defendants, to plaintiff. Id. ¶¶ 26, 28. Despite demand, defendants have refused to return the property and other partnership assets to plaintiff. Id. ¶¶ 33-34.

Plaintiff says that Vietnamese law governs. Doc. 1, § V. Plaintiff asserts claims for breach of contract against all defendants, aiding and abetting wrongful detention of partnership assets under Vietnamese law against defendants other than Ngoan, and "wrongful, illegal, intentional and malicious detention of partnership assets" against Ngoan.

II.

## Grounds of the Motion

Movants assert that the court lacks personal jurisdiction over them. And, the action should be dismissed under forum non conveniens.

III.

Applicable Legal Principles

A. Personal Jurisdiction

The burden is on plaintiff to establish the court's jurisdiction over defendants. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985). Personal jurisdiction need not be established by a preponderance of the evidence at this stage; prima facie evidence is sufficient. Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008); WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989). The court may resolve jurisdictional issues by reviewing pleadings, affidavits, exhibits, any part of the record, and any combination thereof. Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir. 1992). Allegations of plaintiff's complaint are taken as true except to the extent that they are contradicted by defendants' evidence, such as affidavits. Wyatt v. Kaplan, 686 F.2d 276, 282-83 n.13 (5th Cir. 1982). Any genuine, material conflicts are resolved in favor of plaintiff. Luv N'care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006); Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1067 (5th Cir. 1992).

In a diversity action, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is

amenable to service of process under the law of the forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. Wilson, 20 F.3d at 646-47. Since the Texas long-arm statute has been interpreted as extending to the limits of due process, the only inquiry is whether the exercise of jurisdiction over the nonresident defendants would be constitutionally permissible. Bullion v. Gillespie, 895 F.2d 212, 216 (5th Cir. 1990).

For due process to be satisfied, a nonresident must have minimum contacts with the forum state resulting from an affirmative act on the defendant's part and the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 425 (5th Cir. 2005). The "minimum contacts" prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident. Bullion, 895 F.2d at 216.

For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. Burger King Corp. v.

Rudzewicz, 471 U.S. 462, 475 (1985). Even if the controversy does not arise out of or relate to the nonresident's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Perkins v Benguet Consol. Mining Co., 342 U.S. 437 (1952). When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. Jones, 954 F.2d at 1068. As the Supreme Court has recently explained, the proper consideration when determining general jurisdiction is whether the defendant's affiliations with the state are so continuous and systematic as to render it "essentially at home" in the forum state.[2] Daimler AG v. Bauman, 571 U.S. 117, 138-39 (2014)(quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). For example, a corporation's place of incorporation and principal place of business are the places where it is at home and are thus paradigm bases for jurisdiction. Id. at 137. A corporation is not "at home" in every state where it engages in a substantial,

---

[2] In BNSF Ry. Co. v. Tyrrell, the Supreme Court made clear that the Daimler test "applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued." 137 S. Ct. 1549, 1559 (2017).

6

continuous, and systematic course of business. Id. at 137-38, 139 n.20. For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. Id. at 137.

B.  Forum Non Conveniens

A rather extensive discussion of the principles of the doctrine of forum non conveniens is set forth in Zarmis v. Lockheed Martin Corp., No. 4:97-CV-518-A, 1997 WL 810022, at *4-*6 (N.D. Tex. Dec. 29, 1997), and need not be repeated here. The key is that the moving defendants must establish by "unequivocal, substantiated evidence presented by affidavit" that the proposed foreign forum is both available and adequate. Id. at *5 (quoting Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1550 n.14 (5th Cir. 1991)).

IV.

Analysis

In this case, movants are citizens of Vietnam and France. Plaintiff has not pleaded any facts to support the exercise of jurisdiction over them by courts in Texas. In response to the motion to dismiss, plaintiff refers to an agreement executed by movants to allow Ngoan to represent Hien The Ta and Lai Xuan Ta and other heirs of Viet in Vietnam. There appear to be several representation agreements (attached to plaintiff's response) and

7

the one pertaining to movants does not appear to have any connection with the State of Texas. The court need not reach the argument as to <u>forum non conveniens</u>, although it notes that plaintiff has pleaded that the claims he now brings have been determined against him in Vietnam and he is seeking a better outcome here. Because plaintiff has not shown that the court has personal jurisdiction over movants, the claims againt them must be dismissed.

V.

Order

The court ORDERS that movants' motion to dismiss be, and is hereby, granted, and plaintiff's claims against movants be, and are hereby, dismissed for want of personal jurisdiction.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against movants.

SIGNED December 6, 2018.

_____
JOHN McBRYDE
United States District Judge