

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG -2 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KHUE NGUYEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-801-A |
| | § | |
| ESTATE OF THIN THI TA | § | |
| (HAI PHU NGUYEN AS HEIR AND | § | |
| ADMINISTRATOR), ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants Hai Phu Nguyen served as administrator of the Estate of Thin Thi Ta ("Hai Phu") and Thao Xuan Ta for summary judgment.[1] The court, having considered the motion, the response of plaintiff, Khue Nguyen, the reply,[2] the record, and applicable authorities, as well as the arguments[3] at the hearing conducted June 25, 2019, finds that the motion should be granted. The court further finds that plaintiff's motion for nonrecognition of alleged Vietnamese judgments and to strike and disregard portions of defendants'

---

[1]These are the only defendants remaining in the action.

[2]Plaintiff filed a supplemental response in opposition to the motion for summary judgment, which is in effect a sur-reply for which no leave was sought. Doc. 114.

[3]By order signed May 9, 2019, the court gave notice to the parties that, if the motion for summary judgment was still pending, it would hear the motion at a hearing set to consider a separate motion. Pursuant to unavailability of one of the defendants, the hearing was reset and conducted June 25, 2019. A purpose of the hearing was to clarify which facts were not genuinely disputed. See Fed. R. Civ. P. 56(e). The court placed the parties under oath at the hearing.

brief should be denied. And, the court is denying plaintiff's motion for leave to file supplemental briefing and evidence.

I.

Background and Plaintiff's Claims

On September 27, 2018, plaintiff filed his complaint in this action, naming a number of defendants. Doc.[4] 1. By memorandum opinion and order signed December 6, 2018, the court dismissed plaintiff's claims against defendants Ngo Thi Ngoan ("Ngoan"), Hien The Ta ("Hien"), and Lai Xuan Ta ("Ta") for lack of personal jurisdiction. Doc. 26. The dismissal of those claims was made final by separate final judgment. Doc. 27. By order signed February 1, 2019, the court dismissed plaintiff's claims against defendant Hoa Thi Ta Le ("Hoa") for failure to comply with the court's January 3, 2019 order regarding service of process. Doc. 37. The dismissal of those claims was made final by separate final judgment. Doc. 38. And, by order and separate final judgment signed July 3, 2019, the court dismissed the claims against defendants Hai Phu Nguyen, Mai Tuyet Nguyen, Que Dang Nguyen, and Anh Kim Nguyen, individually as heirs of Thin Thi Ta. Docs. 127 & 128.

---

[4]The "Doc. __" reference is to the number of the item on the docket in this action.

In his complaint, plaintiff alleges:

In October 1982 Ms. Ha Thi Thu Thuy ("Thuy") and Mr. Ta Van Viet ("Viet") agreed in writing to form a partnership known as Snow White to manufacture and sell embroidery-craft products in Ho Chi Minh City, Vietnam. Doc. 1 at PageID[5] 4, ¶ 3. Each partner had a 50% ownership interest in Snow White. Id. at PageID 5, ¶ 9. The partnership automatically renewed each year except if Viet were to migrate to France to live with his sons. Id. In 1985, Viet married his second wife, Ngoan. Id. ¶ 11. In June 1989, Viet died. Id. ¶ 12. In or around July 1989, Thuy paid a large amount of gold to Ngoan and Hien buy out the partnership interest of Viet's heirs and to allow Thuy to continue to operate the Snow White business. Id. at PageID 6, ¶ 14. Thuy then owned 100% of the Snow White partnership. Id. ¶ 15. Thuy continued the partnership business with the consent of Viet's heirs. Id. ¶ 16. On or about November 2012, Thuy returned from a business trip to find that Ngoan had taken over the manufacturing facility used by Snow White. She had evicted the employees, removed the signage, and placed the partnership assets in an unknown location. Id. ¶ 19. Thuy made verbal demand on Ngoan for return of the property.

---

[5]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because plaintiff did not number the pages of the complaint.

Id. ¶ 20. Ngoan called the police to report that Thuy was trespassing and Thuy was evicted as a result. Id. ¶ 21.

On November 21, 2012, Thuy filed a lawsuit with the local government (in Vietnam) seeking to recover possession of the Snow White property and business assets from all defendants, who are heirs of Viet. Id. ¶ 23. Defendants executed notarized documents to appoint Ngoan as their legal representative. Id. ¶ 24. The seizure of the realty and personal property and refusal to return them caused Thuy extreme hardship and financial disability. Id. ¶ 26. In 2018, Thuy sold and assigned to plaintiff the Snow White partnership, real estate, business assets, and claims the subject of this action. Id. ¶ 28.

Plaintiff sues defendants for breach of contract and for wrongfully, illegally detaining partnership assets through aiding and abetting. He seeks to recover the personal property (business assets) of Snow White or $553,648, the value of such property; possession, occupation, and use of the real property used for Snow White's business; and, damages for loss of use of the realty until it is returned.

II.

Grounds of the Motion

Defendants urge four grounds in support of their motion. First, the doctrine of res judicata bars plaintiff's claims.

4

Second, the claims are barred by limitations. Third, the claims are barred by collateral estoppel. And, fourth, Hai Phu is not a proper party. Doc. 80.

III.

Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support

5

the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986). In <u>Mississippi Prot. & Advocacy Sys., Inc. v. Cotten</u>, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[6] <u>Celotex Corp.</u>, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita</u>, 475 U.S. at 597; see also <u>Mississippi Prot. & Advocacy Sys.</u>, 929 F.2d at 1058.

---

[6] In <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

IV.

## Undisputed Facts

The record establishes the following undisputed facts:

Plaintiff is the son of Thuy. He attended proceedings in Vietnam when his mother sued Ngoan and other heirs of Viet to obtain return of Snow White property. He appeared as "Defender of Rights and Legal Interests" of his mother. Plaintiff is the successor in interest to his mother with regard to Snow White.

On June 2, 2017, in No. 678/2017/DS-ST, the People's Court of Ho Chi Minh City issued a judgment reciting that Thuy did not meet her burden of proof with regard to the real property used as the Snow White shop house and that the claims for damages were barred by limitations. Doc. 82, Ex. 1.

On June 11, 2018, in No. 124/2018/DS-PT, the Superior People's Court in Ho Chi Minh City issued a judgment affirming the judgment of the trial court. Doc. 82, Ex. 2.

Although plaintiff disagrees that the written judgments submitted by defendants are the same as announced in open court, he does not dispute that his mother lost her lawsuit in Vietnam and the appeal therefrom.[7]

---

[7] The court notes that plaintiff has had ample opportunity to provide the correct judgments if they exist. That he has not provided another version or sought an extension of time in which to do so is telling.

V.

Analysis

A. Res Judicata

The doctrine of res judicata is a "'venerable legal canon' that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, 499 (5th Cir. 2004)(quoting United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994)). Res judicata bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. Test Masters Educational Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005). Res judicata is appropriate if: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits. Id.; Shanbaum, 10 F.3d at 310.

In determining whether the same claims or causes of action are brought, the Fifth Circuit has adopted the transactional test, examining whether the claims arise from a "common nucleus of operative facts." See Matter of Howe, 913 F.2d 1138, 1144 (5th Cir. 1990)("[T]he critical issue in not the relief requested or

8

the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts.").

In this case, the test is met. Plaintiff is in direct privity with Thuy and is her successor in interest. <u>Amstadt v. United States Brass Corp.</u>, 919 S.W.2d 644, 653 (Tex. 1996). The heirs of Viet were described as defendants in the Vietnam case. Plaintiff himself pleaded that the heirs signed notarized documents authorizing Ngoan to appear on their behalf. And the judgments mention that the heirs took the same position as Ngoan. Defendants do not argue that they are not bound by the Vietnamese judgment. Plaintiff cannot make that argument for them.[8] Further, defendants do not dispute that the Vietnam judgment is binding. The prior judgment was rendered by a court of competent jurisdiction. Thuy chose the court. Plaintiff can hardly argue that it was not competent to render the judgment. The prior action was concluded by final judgment on the merits. And, despite plaintiff's arguments to the contrary, the same claims are at issue. This suit, like the prior suit brought by his mother, seeks to recover the property of Snow White and damages

---

[8] The argument is nonsensical in any event. Thuy sued for the return of real and personal property formerly owned by Viet's heirs that she alleged they sold to her and the Vietnamese court determined that she was not entitled to prevail. Plaintiff cannot go around the world suing different heirs in different venues hoping for a different outcome. Plaintiff pleaded that all the heirs joined in selling the Snow White property to Thuy. The outcome has to be the same as to each of them.

for property that cannot be returned. The same facts and transactions underlie the various legal theories asserted. Jarmon v. Houston Indep. Sch. Dist., 805 F. Supp. 24, 26 (S.D. Tex. 1992).[9]

Plaintiff devotes significant attention to the process for validating and obtaining recognition of foreign judgments. Doc. 90 at 2-8. This is not a case where the plaintiff is seeking to enforce a foreign money judgment against defendants. Nor is it a case where defendants are seeking to recover money from plaintiff. Rather, plaintiff chose to bring the lawsuit here and defendants are simply pointing out that plaintiff's predecessor has already had her opportunity to prove her claims against them. Plaintiff cites no authority for the proposition that res judicata can only be established in the state of his own citizenship following the process of the Uniform Foreign Country Money Judgment Recognition Act and the court is aware of none.

B. Limitations

Even if the claims were not barred by res judicata, limitations ran long ago on the claims plaintiff asserts here. Under Texas law, limitations for a contract action is four years from accrual of a cause of action. Tex. Civ. Prac. & Rem. Code

---

[9]The court need not reach the issue of collateral estoppel.

10

§16.004(a).[10] A breach of contract claim accrues when the contract is breached. Stine v. Stewart, 80 S.W.3d 586, 592 (Tex. 2002). A breach occurs when a party fails or refuses to do something it promised to do. Id.; Captstone Healthcare Equip. Servs., Inc. ex rel. Health Sys. Grp., L.L.C. v. Quality Home Health Care, Inc., 295 S.W.3d 696, 699 (Tex. App.-Dallas 2009, pet. denied).

Plaintiff alleges that defendants breached the contract entered into in 1989 to buy out the Snow White interest owned by Viet's heirs. (Plaintiff confusingly alleges that defendants also breached the contract his mother entered into with Viet in 1982, claiming that the heirs had an obligation under Vietnamese law to perform the contract after Viet's death.) In any event, the breach occurred (or his mother discovered the occurrence) in 2012 when Thuy returned to find that Ngoan had taken over the Snow White property, locking Thuy out and refusing to return the property to her. Obviously, Thuy understood that she had the right to seek judicial relief at that point, as that is what she did, filing a lawsuit in Vietnam. See Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 221 (Tex. 2003); PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship, 146 S.W.3d 79,

---

[10]Plaintiff recognizes that a two-year limitations period applies to his other claims. Doc. 90 at 26.

93-94 (Tex. 2004); Mooney v. Harlin, 622 S.W. 2d 83, 85 (Tex. 1981). Plaintiff himself admits that the breach occurred in November 2012 and that Thuy's contract claim accrued at that time. Doc. 90 at 24. Plaintiff has not established any genuine issue of material fact that would support a claim of tolling.

With regard to limitations, plaintiff seems to be arguing that Vietnamese law should apply. See Doc. 130. In Texas, statutes of limitation are procedural. Baker Hughes, Inc. v. Keco R. & D., Inc., 12 S.W.3d 1, 4 (Tex. 1999). A federal court, sitting in diversity, applies the forum state's statutes of limitation and accompanying tolling rules. Vaught v. Showa Denko K.K., 107 F.3d 1137, 1145 (5th Cir. 1997)(citing Walker v. Armco Steel Corp., 446 U.S. 740, 750-53 (1980)). Accordingly, the court need not concern itself with decyphering Vietnamese law in this regard.

C. Proper Party

Defendant Hai Phu maintains that he is not a proper party to this action since there is not and has never been an administration of the Estate of Thin Thi Ta, his deceased wife. Plaintiff does not disagree. Instead, he argues misnomer and misidentification, neither of which applies here.

D.  Other Matters

On June 27, 2019, plaintiff filed a motion for leave to file supplemental briefing and evidence, maintaining that the court's order regarding a potential hearing on the motion for summary judgment was unclear with regard to presentation of evidence. Doc. 122. The order, Doc. 85, set a hearing on plaintiff's motion for assessment of the validity of the February Rule 26(f) conference and its joint status report. The entirety of the order, except for one sentence, addressed that motion and the requirements regarding preparation and filing of witness and exhibit lists therefor. The one additional sentence simply stated that "if still pending" the court would hear the motion for summary judgment. Nothing in the order apprised the parties that the court would accept further evidence on the summary judgment motion. And, at that point, the parties had no way of knowing whether the summary judgment motion would still be pending at the time of the hearing. Neither side sought clarification of the order as none was needed. The parties had an equal opportunity to present their summary judgment evidence and nothing would be gained by allowing the record to be supplemented at this point.

Plaintiff has also filed a motion for nonrecognition of the Vietnamese judgments included in defendants' summary judgment evidence. As noted previously, although plaintiff has disputed

13

the certifications, he does not dispute that his mother lost the lawsuit in Vietnam. Instead, the motion primarily addresses why the judgments should not be given full faith and credit by this court. Among other things, plaintiff argues that the Vietnamese courts lacked jurisdiction, that recognition of the judgments would be repugnant to Texas policies, and that Vietnamese law is contrary to the community property and business laws of Texas. Doc. 87 at 4-9. At the hearing, plaintiff made plain (as he does in the motion) that the reason he is pursuing this lawsuit is that his mother lost everything overnight in November 2012 and that she should be compensated for her loss despite the fact that the Vietnamese courts denied her the relief she sought. Id. at 8. That plaintiff disagrees with the conclusions reached by the Vietnamese courts is not a reason to grant the relief he seeks.

VI.

Order

The court ORDERS that plaintiff's motion for nonrecognition of alleged Vietnamese judgment and to strike be, and is hereby, denied.

The court further ORDERS that plaintiff's motion for leave to file supplemental briefing be, and is hereby, denied.

The court further ORDERS that defendants' motion for summary judgment be, and is hereby, granted; that plaintiff take nothing

14

on his claims against them; and that such claims be, and are hereby, dismissed with prejudice.

SIGNED August 2, 2019.

_____
JOHN McBRYDE
United States District Judge

15